IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN R. ALTHOUSE, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:22-CV-388-G-BK |
| § | |
| UNITED STATES OF AMERICA, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Kevin Althouse's motion to proceed *in forma pauperis* but did not issue process. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.[1]

**I. BACKGROUND**

In 1999, Althouse pled guilty to aggravated assault and theft of property and was sentenced to 25 years' imprisonment. *State v. Althouse*, Nos. F-9854103 and F-9854179 (265th Judicial Dist. Court, Dallas Cnty., Texas., 1999), *app. withdrawn*, Nos. 05–99–00817–CR, 05–99–00818–CR, slip op. at 1 (Tex. App.—Dallas Jan. 25, 2000, no pet. h.). He unsuccessfully

---

[1] Althouse is a frequent litigator. While confined as a prisoner, he was barred by the three-strike provision of 28 U.S.C. § 1915(g). *See Althouse v. Huntsville Parole Panel*, No. 4:20-CV-1365 (S.D. Tex., Houston Div., May 1, 2020) (summarizing prior strikes). His most recent parole, however, renders the three-strike provision inapplicable to him. *See* 28 U.S.C. § 1915(h) (definition of "prisoner); Doc. 3 at 5.

challenged his convictions in state and federal habeas proceedings. *Althouse v. Cockrell*, No. 3:01-CV-0779-R, 2003 WL 21649966, *1 (N.D. Tex. Mar. 28, 2003). In 2012, Althouse was released on parole, but his parole was revoked in 2018 and his attempts to attack the revocation proceedings were unsuccessful. *Althouse v. Davis*, No. 3:18-CV-3091-B-BK 2019 WL 4201560, at *1 (N.D. Tex. Sep. 5, 2019).

In 2021, Althouse filed state writ applications challenging his 1999 convictions. The Texas Court of Criminal Appeals, however, found that he had "abused the writ and filed a frivolous lawsuit." *Ex parte Althouse*, Nos. WR-45,883-26 & WR-45,883-27 (Tex. Crim. App. May 19, 2021). Specifically, the court concluded that he had raised "grounds that were previously rejected on the merits or that should have been raised in previous applications." *Id.*[2]

Althouse now files a pleading styled "Class Action Complaint" "on behalf of himself and all other similarly situated mentally disabled and or special needs offenders." Doc. 3 at 1. He names numerous defendants, including the United States of America, the State of Texas, the County of Dallas, and many county and state officials in their official and individual capacities. Doc. 3 at 1-2.[3] In over 40 pages, Althouse advances a laundry list of assertions that challenge in

---

[2] An electronic copy of the Texas Court of Criminal Appeal's order is available at https://search.txcourts.gov/Case.aspx?cn=WR-45,883-26&coa=coscca and https://search.txcourts.gov/Case.aspx?cn=WR-45,883-27&coa=coscca (last accessed on Feb. 25, 2022).

[3] Specifically, he sues the Dallas County Judge, the Dallas County Commissioners, the Dallas County District Attorney and his Assistant, the Chief of the Dallas County District Attorney Conviction Integrity Unit, the Dallas County Public Defender and its Actual Innocence Exoneration Unit, the judge of the 265th Judicial District Court, the chief judge of the Court of Criminal Appeals, the TDCJ Parole Division and its hearing examiner, the Texas Board of Pardons and Paroles ("TBPP"), the TDCJ State Counsel for Offenders, the Dallas County Office of Mental Health and Mental Retardation, Metrocare Services of Dallas, and the Special Needs Offender Program Services ("SNOPS"). Doc. 3 at 1-2.

substance his 2018 parole revocation and 1999 underlying convictions. In an attempted end-run around the procedural hurdles of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and art. 11.07 of the Texas Code of Criminal Procedure, he asserts Defendants discriminated against him and refused to accommodate his mental illness and attention deficit hyper activity disorder ("ADHD") in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and 42 U.S.C. § 1983. Doc. 3 at 1-2, 10.

Specifically, Althouse contends the Defendants refused to accommodate his special needs and appoint counsel for the parole revocation hearing and subsequent habeas proceedings. Doc. 3 at 22-27. He claims "[t]he state and federal courts['] . . . enforcement of the AEDPA and Article 11.07's stringent standards for habeas corpus was punishment for the manifestation of a disability [he] was born with and suffers through no fault of his own." Doc. 3 at 27. Further, Althouse complains about the recent dismissal of his subsequent state writs challenging his convictions, and alleges his mental impairment prevented him from raising the claims earlier. Doc. 3 at 27-33. Additionally, he argues that the "revocation of his parole could have been prevented" if the Special Needs Offender Program Services ("SNOPS") had recognize and treated his ADHD as a mental illness. Doc. 3 at 36. He argues that SNOPS' discriminatory practices violated the ADA and the Due Process and Equal Protection Clause. Doc. 3 at 37.

Althouse seeks injunctive and declaratory relief. He requests that this Court issue an injunction directing the state court to reopen his state writs challenging his parole revocation and state convictions, and appoint him counsel to pursue the rehearing of his writs. Doc. 3 at 41. Althouse also requests that the Court declare:

> (1) the AEDPA and article 11.07 are unconstitutional and violate the ADA because they fail to accommodate mentally disabled petitioners;

      (2) the handling of his state writs was "discriminatory" due to his status as a "special needs offender;"
      (3) the procedures used to review his state writs violated his due process and equal protection rights and the ADA;
      (4) the revocation of his parole violated his due process rights and the ADA;
      (5) his convictions were the result of his mental illness and, thus, violated the Cruel and Unusual Punishment Clause of the Eighth Amendment; and
      (6) the refusal to acknowledge his ADHD as a mental illness and provide treatment violated the 14th Amendment, the RA, and the ADA.

Doc. 3 at 38-40.

As detailed below, however, Althouse claims are barred under the *Heck v. Humphrey* doctrine. Therefore, this action should be dismissed as frivolous.[4]

## II.    ANALYSIS

Because Althouse is proceeding *in forma pauperis*, his complaint is subject to screening 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent

---

[4] Although Althouse purports to litigate this case as a class action, his allegations relate only to his personal circumstance and claim, and he has not met the heavy burden of establishing that class action certification is even appropriate in this case. *See* FED. R. CIV. P. 23.

standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Althouse's complaint is frivolous.

Because a ruling in Althouse's favor on his civil rights, ADA and RA claims "would necessarily imply the invalidity" of his underlying convictions and subsequent parole revocation, his claims are not cognizable under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486-87). The *Heck* bar also applies to claims for damages related to constitutional violations stemming from parole revocation proceedings, *see McGrew*, 47 F.3d at 161, as well as claims for declaratory and injunctive relief, *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Additionally, courts have extended the reasoning in *Heck* to ADA and RA claims used to attack the validity of a conviction or sentence. *See Mapes v. Texas*, No. MO:18-CV-00170-DC, 2018 WL 9786073, at *5–6 (W.D. Tex. Oct. 1, 2018) ("[A]n ADA claim cannot be used to attack the validity of a conviction or sentence."); *Hughes v. Prator*, No. CV 17-0711, 2017 WL 6030047, at *3 (W.D. La. Oct. 27, 2017), *R. & R. adopted*, 2017 WL 6029634 (W.D. La. Dec. 5, 2017) ("[T]he holding of *Heck* should be extended to include claims under the ADA and Rehabilitation Act."); *Hendricks v. Richards*, No. 4:10–CV–011–Y, 2010 WL 3911432, at *3 (N.D. Tex. Oct. 6, 2010) (applying *Heck* to bar § 1983 and ADA claims); *Miller v. Wayback House*, No. 3:05–CV–1838–L, 2006 WL 297769 at *3 (N.D. Tex. Feb.1, 2006), *R. & R. adopted*,

(N.D. Tex. Mar. 31, 2006) (same), *aff'd*, 253 F. App'x 399, 401 (5th Cir. 2007) (ADA claim abandoned on appeal).

Here, Althouse cannot satisfy the *Heck* favorable termination requirement. His claims are connected to the legality of his underlying convictions and parole revocation proceeding. And he concedes that no court has reversed or invalidated his convictions or the decision to revoke his parole. Thus, his civil rights, ADA, and RA claims are clearly barred by *Heck*. As such, Althouse's claims lack any basis in law and should be dismissed with prejudice as frivolous until such time as he satisfies the conditions set forth in *Heck*. *See Cook v. City of Tyler, Tex.*, 974 F.3d 537, 538 (5th Cir. 2020) (per curiam) ("[P]laintiffs may reassert their claims upon satisfying the *Heck* conditions but may not otherwise develop the claims 'until' those conditions are met."); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (finding *Heck* barred claims are legally frivolous).[5]

### III.  LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Althouse's claims are fatally infirm. Under these circumstances, the Court can only conclude that he has already pled his best case and that granting leave to amend would be futile and cause needless delay.

---

[5] To the extend Althouse requests the Court to issue writs of mandamus against the state courts directing that they reopen his state writs and appoint him counsel, his request is unavailing. Doc. 3 at 41. Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam).

## IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous until such time as Althouse satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on March 4, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).